FILED
SEP 2 2 2006
Sep 22, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO HERRERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORTON COLLEGE and BRENT KNIGHT, )<br>individually. )<br>)<br>Defendants. ) | 06CV5138<br>JUDGE GOTTSCHALL<br>MAG. JUDGE KEYS<br><br>Plaintiff Demands<br>Trial by Jury |

## COMPLAINT

Plaintiff, ANTONIO HERRERA (hereinafter "Herrera"), appearing pro se, for his Complaint, complains against Defendants MORTON COLLEGE (hereinafter "Morton" or the "College") and BRENT KNIGHT (hereinafter "Knight") as follows:

### NATURE OF ACTION

1. This action is brought for violations of 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act of 1964, hereinafter "Title VII"), 42 U.S.C. § 1981 (hereinafter "Section 1981"), and 42 U.S.C § 1983 (hereinafter "Section 1983").

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3. Herrera has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e. On December 1, 2005, he filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"). On June 26, 2006, the EEOC issued Herrera his Notice of Right to Sue, attached as Exhibit A. This Complaint is being filed within 90 days of receipt of the Notice of Right to Sue.

4. The unlawful employment practices described herein were committed in the State of Illinois on the campus of Morton College, located in the Village of Cicero, Illinois. Accordingly, venue in the Northern District is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Antonio Herrera is a resident of Oak Brook Terrace, Illinois. He was employed by Defendant Morton College for approximately one year. Herrera's race is Hispanic.

6. Defendant Morton College is a public junior college which is located in, controlled, and funded by the Village of Cicero. The College is capable of being sued, is an employer for purposes of 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(b).

7. Defendant Knight is the President of Defendant Morton College and has the ability to exert direct control over the personnel decisions of Morton's Board of Trustees and controlled Morton's decision to terminate Herrera and not to renew his contract.

## FACTUAL ALLEGATIONS

8. Herrera began working for Defendant Morton on or about May 3, 2004.

9. Herrera was hired on a one-year contractual basis as the Director of Management Information Systems.

10. Herrera always performed his job well.

11. The College praised Herrera' work on numerous occasions.

12. Shortly before May of 2005, the Village of Cicero elected a new non-Hispanic mayor to replace the Village's previous Hispanic mayor.

13. Following this election, a change occurred in the attitude of the Village and the Village's Board regarding the presence of a growing Hispanic population in the area.

2

14. The Village and the Village Board exert a significant amount of control over the actions of Morton and Morton's Board of Trustees.

15. Members of the Village Board began expressing their opinion that Morton College was becoming "too Latino."

16. Shortly thereafter, on or about May 25, 2005, Morton terminated the employment of three upper-level Hispanic administrators on the same day, including Plaintiff.

17. Other non-Hispanic upper-level administrators were not terminated.

18. Herrera's termination letter, signed by Morton President Defendant Brent Knight, did not specify a reason for his termination.

19. This termination letter simply stated that Morton was not renewing Plaintiff's contract.

20. Plaintiff's job duties have been assumed primarily by non-Hispanics.

21. Although Morton has since hired more Hispanic individuals, all of the positions filled have been for lower-level jobs.

22. Herrera was thus terminated because of his race.

23. Defendant Knight substantially controlled Morton's termination of Plaintiff and had the authority to change it.

24. As a direct and proximate result of said acts, Herrera has suffered and continues to suffer great distress, humiliation, expense, embarrassment, damage to his reputation, and other damages of both a pecuniary and non-pecuniary nature.

25. The aforementioned acts and conducts of Morton and Knight were done in knowing violation of Herrera's civil rights, and their conduct was intentional, willful, wanton,

malicious, and outrageous, warranting the imposition of punitive damages under Section 1981 and Title VII.

### COUNT I – SECTION 1981 – UNLAWFUL TERMINATION

26. Plaintiff incorporates and re-alleges paragraphs 1 through 25 as if fully rewritten herein.

27. By virtue of the foregoing termination and failure to renew Plaintiff's contract because of his race, the Defendants have discriminated against Mendoza in the making and performance of an employment contract in violation of 42 U.S.C. § 1981.

### COUNT II – TITLE VII – UNLAWFUL TERMINATION AGAINST MORTON COLLEGE AND THE VILLAGE OF CICERO ONLY

28. Plaintiff incorporates and re-alleges paragraphs 1 through 27 as if fully rewritten herein.

29. The above termination and failure to renew Plaintiff's contract because of his race violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

### COUNT III – SECTION 1983 – UNLAWFUL TERMINATION

30. Plaintiff incorporates and re-alleges paragraphs 1 through 29 as if fully rewritten herein.

31. Defendants Morton College and Brent Knight are both state actors.

32. Defendants engaged in the above termination and failure to renew Plaintiff's contract because of his race.

33. The above termination and failure to renew Plaintiff's contract because of his race violates Plaintiff's constitutionally-protected liberty interests.

### PRAYER FOR RELIEF

WHEREFORE, Herrera respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices by Defendants as described herein constitute violations of Section 1981;

(b) Declaring that the acts and practices by Defendants as described herein constitute violations of Title VII;

(c) Declaring that the acts and practices by Defendants as described herein constitute violations of Section 1983;

(d) Enjoining and permanently restraining these violations of Section 1981;

(e) Enjoining and permanently restraining these violations of Title VII;

(f) Enjoining and permanently restraining these violations of Section 1983;

(g) Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Herrera's employment opportunities;

(h) Directing Defendants to place Herrera in the position he would have occupied but for Defendants' discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendants' discriminatory treatment;

(i) Awarding Herrera compensatory and punitive damages for each of Defendants' violations of Section 1981 in amounts to be determined at trial;

(j) Awarding Herrera compensatory and punitive damages for each of Defendants' violations of Title VII in amounts to be determined at trial

(k) Awarding Herrera compensatory and punitive damages for each of Defendants' violations of Section 1983 in amounts to be determined at trial;

(l) Awarding Herrera his reasonable attorneys' fees and costs as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

(m) Awarding Herrera pre-judgment and post-judgment interest; and

(n) Awarding Herrera such additional relief as the Court may deem just and proper.

Dated: 9/21/2006

Respectfully Submitted,

Antonio Herrera
17W704 Butterfield
Oak Brook Terrace, IL 60181-4815
(708) 710-8820

*Antonio G. Herrera*
Plaintiff

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.

*Antonio G. Herrera*
Plaintiff

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Antonio Herrera
17W704 Butterfield
Oakbrook Terrace, IL 60181

From: Chicago District Office - 440
500 West Madison St
Suite 2800
Chicago, IL 60661

**CERTIFIED MAIL:** 7001 1940 0003 8830 3476

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-01364 | Ernesto Melendez, Investigator | (312) 353-2401 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_ 6/26/06
John P. Rowe, District Director     (Date Mailed)

Enclosures(s)

cc: MORTON COLLEGE

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before Completing this form. | [X] FEPA<br>[X] EEOC | 21D-2006-01364 |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Antonio Herrera | (708) 710-8820 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 17W704 Butterfield | Oak Brook Terrace, IL 60181-4815 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below).

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Morton College | 15+ | (708) 656-8000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3801 S. Central Ave. | Cicero, IL 60804 | Cook |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
                      05/25/05
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

Please see attached.

RECEIVED EEOC
DEC - 1 2005
CHICAGO DISTRICT OFFICE

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

"OFFICIAL SEAL"
REBECA F. PENA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-22-08

SIGNATURE OF COMPLAINANT   DATE
*[signature] Antonio J. Herrera*   11/14/2005

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (5/98)

I am an Hispanic male. I began working for Morton College on or around May 3, 2004 for a one-year contract as the Director of Management Information Systems. I always performed my job well despite lack of staffing and poor budget support in my department. All of my work has been reviewed favorably. My direct supervisor was Mark Escamilla. I performed my job efficiently and competently. The College administration praised my contributions in turning my department around in 2004, including an instance in which Morton College's President Brent Knight told me that "I would have bet money that nobody could have turned the group around and made the progress you have."

On May 25, 2005 I received a letter from Mr. Knight indicating that the Board of Trustees had determined that they were not going to renew my contract for the following year, and therefore I was being terminated. The letter did not state a reason for my termination. Two other upper-level Hispanic administrators, Diana Almanza and Mario Moreno, were also terminated on May 25, 2005.

Morton College is located in the Village of Cicero, an area that has been experiencing changing patterns of demographics. Shortly before my termination, Cicero elected a new non-Hispanic mayor to replace the Town's previous Hispanic mayor. Since this election, members of the Cicero Board, who have historically maintained a certain amount of control over the Administration and Board of Trustees of Morton College have expressed their opinion that Morton College was becoming "too Latino."

Also, since the election, Morton College fired three upper-level Hispanic administrators at once, myself included. While Morton College has since hired more Hispanic individuals, all of the positions filled have been for lower-level jobs. My job duties have been assumed primarily by non-Hispanics. In addition, and on information and belief, non-Hispanic administrators terminated by the College have been offered severance packages which include substantial cash payments or other favorable terms, while terminated Hispanic administrators have not been offered similar severance packages. I believe that my termination constituted race/ethnic/national origin discrimination in violation of Title VII of the Civil Rights Act of 1964.